2002 ND 38

**Reinhold GRUEBELE and Marion Gruebele, Plaintiffs and Appellees,**

v.

**Lawson GERINGER, Defendant and Appellant.**

**No. 20010149.**

Supreme Court of North Dakota.

Feb. 22, 2002.

Joseph F. Larson II of Larson Law Firm, Jamestown, ND, for defendant and appellant.

David R. Bliss of Bliss Law Office, Bismarck, ND, for plaintiffs and appellees.

NEUMANN, Justice.

[¶ 1] Lawson Geringer appeals from a judgment quieting title in a piece of property owned by Reinhold and Marion Gruebele. We conclude the trial court did not err in finding Geringer failed to establish ownership of the disputed property under the doctrine of adverse possession, and we affirm.

I

[¶ 2] Reinhold and Marion Gruebele and Lawson Geringer own adjacent property in Pettibone, North Dakota. On September 18, 2000, the Gruebeles began an action against Geringer to quiet title to a disputed piece of property. The dispute involves ownership of a garage located on the property line between Geringer's property ("Tract 1") and the Gruebeles' property ("Tract 2"). The parties do not dispute that the garage sits on the property line.

[¶ 3] The garage was built in 1959 or 1960 by John and Katie Pleines, the owners of Tract 1 at that time. In 1975, Raymond Guthmiller purchased Tract 1 from the Pleines. During Guthmiller's ownership, it was determined the garage sat on the property line. The owners of Tract 2 at that time, John and Elizabeth Guthmiller, gave Raymond Guthmiller permission to keep the garage at its location, and the two adjacent owners shared the garage. Henry Wallenvein purchased Tract 1 from Raymond Guthmiller in 1977. Wallenvein heard rumors the garage was on the property line after he had purchased the property. The Gruebeles purchased Tract 2 in 1994, and stored gardening tools, a boat, and a pickup in the garage. In 1996, Wallenvein sold Tract 1 to Geringer, as the high bidder over the Gruebeles. At the sale, the Gruebeles removed their gardening tools from the garage and informed Geringer the garage was on the property line and would have to be moved. In November 1998, the Gruebeles wrote to Geringer telling him to move the garage.

[¶ 4] A trial was held on February 9, 2001. The court found that the garage was determined to be on the boundary line in 1975, and has been shared by the adjacent owners since then, defeating any claim of adverse possession based on a failure to show exclusive and continuous possession of the property. The trial court concluded the Gruebeles are the rightful owners of Tract 2, and ordered title to the property quieted as to Geringer's claims. Geringer appeals.

II

[¶ 5] Geringer argues the trial court erred in finding he did not adversely possess the property because his possession was not exclusive and continuous. Geringer claims an adverse claimant's possession does not have to be absolutely exclusive in order to satisfy the exclusivity condition of adverse possession. Geringer contends that a use permitted by neighborly courtesy does not defeat the exclusivity requirement of adverse possession.

[¶ 6] The determination of whether there has been an adverse possession is a question of fact that will not be set aside on appeal unless it is clearly erroneous. *Benson v. Taralseth*, 382 N.W.2d 649, 653 (N.D.1986). A finding of

fact is clearly erroneous only if it is induced by an erroneous view of the law, if no evidence exists to support it, or if the reviewing court, on the entire evidence, is left with a definite and firm conviction a mistake has been made. *Albrecht v. Metro Area Ambulance*, 2001 ND 61, ¶ 6, 623 N.W.2d 367.

[¶ 7] To satisfy the elements for adverse possession, the acts on which the claimant relies must be actual, visible, continuous, notorious, distinct, and hostile, and of such character to unmistakably indicate an assertion of claim of exclusive ownership by the occupant. *Torgerson v. Rose*, 339 N.W.2d 79, 84 (N.D.1983). To constitute an effective adverse possession, all the elements must be satisfied, and if a single element is wanting, the possession will not confer title. *See* 2 C.J.S. *Adverse Possession* § 25, at 678 (1972).

[¶ 8] The burden is on the person claiming property by adverse possession to prove the claim by clear and convincing evidence, and every reasonable intendment will be made in favor of the true owner. *Trautman v. Ahlert*, 147 N.W.2d 407, 413 (N.D.1966). There exists a statutory presumption of possession by the record titleholder under N.D.C.C. § 28–01–07, which provides:

28–01–07. Presumption against adverse possession of real estate. In every action for the recovery of real property or for the possession thereof, the person establishing a legal title to the premises must be presumed to have been possessed thereof within the time required by law, and the occupation of such premises by any other person must be deemed to have been under and in subordination to the legal title, unless it appears that such premises have been held and possessed adversely to such legal title for twenty years before the commencement of such action.

[¶ 9] Under N.D.C.C. § 28–01–07, Geringer had the burden to prove the owners of Tract 1 adversely possessed the garage for a continuous twenty-year period. *See Brooks v. Bogart*, 231 N.W.2d 746, 750 (N.D.1975). The trial court found that Raymond Guthmiller purchased Tract 1 in 1975. During Raymond Guthmiller's ownership of Tract 1, it was determined by the owners that the garage sat on the property line. The trial court found that the owners of Tract 2 at that time, John and Elizabeth Guthmiller, gave Raymond Guthmiller permission to keep the garage at its location, and the parties shared the garage.

[¶ 10] To be entitled to a decree of adverse possession, the property of a legal title-owner must be held by hostile possession for the statutorily required time. *See Benson*, 382 N.W.2d at 652. When possession begins by the true owner granting permission to the claimant, such possession cannot acquire the character of adverse possession until the claimant rebuts the presumption of subservience. 16 Richard R. Powell, *Powell on Real Property* § 91.05[5][a], at 91–30 (2001). In *Torgerson*, this Court explained:

> Possession, which is permissive in its inception can become adverse only where there is a disclaimer of the true owner's title, or there are acts of such an unequivocal nature on the part of the user, that notice of the hostile character of the possession is brought home to the record owner. *Ellison v. Strandback*, 62 N.W.2d 95, 100 (N.D.1953).

339 N.W.2d at 84. To be effective as a means of acquiring title, an adverse claimant's exclusive possession must be such as to operate as an ouster or disseisin of the owner of legal title, and the owner must be wholly excluded from possession by the claimant. 2 C.J.S. *Adverse Possession* § 55, at 728 (1972). There was no evi-

dence in the record to indicate an act on Raymond Guthmiller's part to establish hostile and exclusive possession of the garage. Raymond Guthmiller's own testimony indicated shared possession with John and Elizabeth Guthmiller. He testified about a conversation with John Guthmiller in which John stated Raymond could leave the garage on John's property for the time being. Raymond Guthmiller also testified the owners each had their own part of the garage. The evidence supports the trial court's finding that shared possession of the garage existed during Raymond Guthmiller's ownership.

[¶ 11] Henry Wallenvein purchased Tract 1 from Raymond Guthmiller in 1977. The trial court found Henry Wallenvein knew the garage was located on the property line after he purchased Tract 1. The trial court also found Wallenvein and the Gruebeles shared the garage throughout Wallenvein's ownership of Tract 1. There was no evidence to indicate Wallenvein possessed the property adversely against the owners of Tract 2.[1] There was also no evidence presented of a hostile act, which is required to overcome the heavy burden created by the permissive use granted by the owners. *See Lindvig v. Lindvig*, 385 N.W.2d 466, 471 (N.D.1986). Exclusive possession, for purposes of establishing title through adverse possession, requires the exclusion of the record owner and third parties as well. 16 Powell, *supra*, § 91.06, at 91–38. The trial court found the Gruebeles stored gardening tools, a boat, and a pickup in the garage during Wallenvein's possession of Tract 1. The evidence presented at trial supports the trial court's finding that shared possession of the garage existed during Wallenvein's ownership of Tract 1.

[¶ 12] The first hostile and exclusive act that might rebut the presumption of permissive use was by Geringer after he purchased Tract 1 in December 1996. After Geringer's purchase of Tract 1, the Gruebeles removed their tools stored in the garage, and Geringer maintained exclusive possession of the garage.

[¶ 13] While Geringer's acts may satisfy the hostile and exclusive requirements for adverse possession, his claim fails to comply with the twenty-year requirement under N.D.C.C. § 28–01–07. When an original entry is permissive and not adverse, the time will not begin to run against the true owner until the adverse claimant establishes exclusive right in himself. *Gameson v. Remer*, 96 Idaho 789, 537 P.2d 631, 633–34 (Id.1975). The evidence presented showed shared possession of the garage by Wallenvein and the Gruebeles in 1996. Under these facts, the trial court correctly concluded Geringer's claim failed to trace a period of twenty years where Geringer or his predecessors maintained adverse possession of the property the garage encroaches upon.

[¶ 14] Geringer failed to meet his burden to prove adverse possession by clear and convincing evidence. *See Trautman*, 147 N.W.2d at 413. When a claim-

---

1. The record indicates John and Elizabeth Guthmiller obtained the portion of Tract 2 on which the disputed garage sits as part of a larger conveyance in 1961. In 1980, John and Elizabeth Guthmiller conveyed a portion of their larger lot to Gottlieb and Dora Martin. Through an informal deed of distribution of a personal representative in 1992, Gottlieb Martin's estate conveyed the lot to George Martin. In 1994, George Martin conveyed the lot to Reinhold and Marion Gruebele. It appears from the record that these parties believed the lot conveyed to the Gruebeles contained the tract on which the eastern portion of the garage sat. The Gruebeles did not obtain the legal title to the portion of Tract 2, which the garage sat on, until November 7, 1997, when Elizabeth Guthmiller conveyed that portion through a quit claim deed.

ant fails to prove legal title by adverse possession, the presumption of possession by the legal owner applies. *Martin v. Rippel*, 152 N.W.2d 332, 339 (N.D.1967). The trial court correctly found the Gruebeles were the rightful owners of the disputed property, and properly quieted title as to any claim by Geringer.

## III

[¶ 15] Under our standard of review, the trial court did not clearly err in finding a lack of exclusive and continuous possession. We conclude the trial court's findings of fact are supported by the evidence. The judgment is affirmed.

[¶ 16] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER and CYNTHIA ROTHE–SEEGER, D.J., concur.

[¶ 17] The Honorable CYNTHIA ROTHE–SEEGER, D.J., sitting in place of SANDSTROM, J., disqualified.