Argued and submitted May 4, reversed and remanded with instructions July 25, 1984

# MUND et ux,
*Appellants,*

*v.*

# ENGLISH,
*Respondent.*

(82-9-1035; CA A28478)

684 P2d 1248

Robert W. Collins, Jr., Pendleton, argued the cause for appellants. With him on the brief was Collins & Collins, Pendleton.

Leeroy O. Ehlers, Pendleton, argued the cause and filed the brief for respondent.

Before Gillette, Presiding Judge, and Young and Rossman, Judges.

ROSSMAN, J.

**ROSSMAN, J.**

This case arises from a family dispute over the ownership of a well. Plaintiffs are the son and daughter-in-law of defendant. In 1977, plaintiffs and defendant, together with the deceased husband of defendant, purchased adjoining one acre parcels of property near Pendleton. In that year, a water well was drilled on defendant's property. Equipment and pipes were installed so that plaintiffs and defendant received water from the one well. In less than a year after the installation, the parties began to quarrel about their rights to the well and water. The fighting has continued since then, culminating in this suit for declaratory judgment and specific performance.

Plaintiffs contend that, from the beginning, their interest in the well was to have been a permanent and irrevocable interest. Defendant claims that plaintiffs' rights were not permanent and were subject to certain conditions. The trial court found for defendant.

On *de novo* review, we agree with the trial court that plaintiffs failed to prove that the parties had agreed that defendant would deed a one-half interest in the well to plaintiffs, as well as a permanent easement over the land for the installation of the water system. There simply was no meeting of the minds. However, the facts clearly show that defendant did grant an irrevocable license to plaintiffs, and the trial judge was in error in refusing to allow plaintiffs' motion to amend the pleadings to conform to the evidence. Accordingly, we reverse.

After trial, but before entry of the decree, plaintiffs sought to amend their allegations to include the issue of an irrevocable license. The trial court found that "[i]t would be improper to allow an amendment of those pleadings to introduce new legal theories on which defendant was not prepared to proceed nor on which the court was alerted. An amendment would result in a new trial upon theories not proffered previously."

We disagree. ORCP 23B provides in pertinent part:

"When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause

them to conform to the evidence and to raise these issues may be made upon the motion of any party at any time, even after judgment * * *."

This provision is modeled after FRCP 15(b), and in deciding whether or not an amendment should be allowed "[t]he test should be whether the defendant would be prejudiced by the implied amendment, *i.e.*, whether he had a fair opportunity to defend and whether he could offer any evidence if the case were to be retried on a different theory." 3 Moore, Federal Practice § 15.13[2], 172-73 (1984).

■        Here, the record strongly supports a finding that the parties impliedly consented that the issue of an irrevocable license would be before the court. Both plaintiffs' and defendant's trial memoranda reflect that all the parties were alerted to the elements of such a claim. Defendant has not asserted that she was prejudiced either at trial or on appeal by a consideration of the theory, nor has she claimed that additional evidence would be needed to meet the issue. The evidence on a claim either for a grant of an easement or an irrevocable license would be the same, and the motion to allow the amendment should have been granted. *See Barton v. Tra-Mo, Inc.,* 69 Or App 295, 686 P2d 423 (1984).

■ ■        Defendant argues that an irrevocable license can only be established when there is proof of an agreement for a permanent easement which is taken out of the Statute of Frauds (requiring a writing) by part performance. Defendant says that the proof is lacking here. Defendant's argument misses the basis of an irrevocable license. Although it is true that, in most jurisdictions, an oral license may be revoked, Oregon has consistently held that, when a licensee makes valuable improvements on the basis of a promise, the licensor will not be permitted to assert that the license could be revoked. An irrevocable license does not depend on proof of the agreement of the parties but arises by operation of law to prevent an injustice. *See Powers et ux. v. Coos Bay Lumber Co.,* 200 Or 329, 415, 263 P2d 913 (1954); *Shepard v. Purvine,* 196 Or 348, 374, 248 P2d 352 (1952); *Baum et ux v. Denn et al.,* 187 Or 401, 408, 211 P2d 478 (1949); *Wilson v. Watts,* 156 Or 134, 66 P2d 1172 (1937); *Heisley et al. v. Eastman et al.,* 102 Or 137, 201 P 872 (1921); *Shaw v. Proffitt,* 57 Or 192, 109 P 584, *reh den* 110 P 1092 (1910).

The situation before us is almost identical to *Shepard v. Purvine, supra.* There, the plaintiffs claimed to have been given an irrevocable license to use water from a spring on the Purvine property and for a right-of-way for the pipeline. The defendants claimed that the license was only temporary. The court, noting the hopeless conflicts in the testimony, looked at the circumstances of the case and concluded:

> "All the undisputed circumstances of this case point directly to the fact that plaintiffs' oral license was intended to be, and was and is, permanent. In reliance upon this oral license, plaintiffs made valuable improvements on and in connection with their lands and in laying the pipeline. It would be wholly inequitable and unjust to now permit defendants to destroy plaintiffs' rights. Defendants, under all the facts and circumstances of this case, ought to be, and they are, estopped to deny plaintiffs' claims." 196 Or at 374.

The circumstances before us likewise show an irrevocable license. Defendant admits that she and her deceased husband granted plaintiffs the right to use the well and to install a pipeline to plaintiffs' property. The testimony of plaintiffs and defendant as to the permanency of this agreement is in direct dispute, and the testimony of the attorney who was to draft an agreement for the parties was indeterminant. The attorney admitted that he could not find a record of his meeting and that he had only a general recollection of the event. He recalled a lack of agreement as to whether the parties wanted a contract or a deed of easement, but he could not recall any specifics.

However, the circumstances here show a permanent arrangement. Plaintiffs and defendant shared the installation costs of the well and water system. Plaintiff Mr. Mund and defendant's husband worked together installing the system. The parties have continued to share operating expenses. Even more significantly, plaintiffs secured a $40,000 commercial loan in 1977 and constructed a residence on their property. There was, and is, no other source of domestic water for plaintiffs. The improvements made by plaintiffs clearly show their reliance on a permanent agreement. The law will not permit defendant to claim that she can withdraw the license to use the well.

Reversed and remanded for entry of a decree granting plaintiffs a one-half interest in the water well and water

system on defendant's property, granting plaintiffs an easement over defendant's property for the purpose of access to the water system and requiring plaintiffs and defendant to share equally the cost of maintaining the system.