PER CURIAM.
The issue in this case is whether the trial court erred in holding that the lessee of the oil, gas, and mineral rights to certain property for a primary term of three years was estopped to assert the invalidity of the oral agreement on the ground that it was void and unenforceable under the provisions of the Statute of Frauds.
On January 24, 1989, J.W. Johnson and his wife, Alline Johnson, leased the oil, gas, and mineral rights of a portion of their property in Monroe County, Alabama, to L.F. “Bud” Goza.[1] After the Johnsons executed the lease, they delivered it to John Hull, Goza’s lease broker. In exchange for this lease, Hull gave the Johnsons a $12,-160 20-day “payable through” draft[2] drawn on Goza’s bank which reflected that payment of the draft was subject to approval of the title of the property.
The next afternoon, on January 25, 1989, Goza called Alline Johnson and informed her that a well next to the property described in the lease was a “dry hole” and that he had no further use for the John-sons’ land. He stopped payment on the draft, and returned the lease to the John-sons under cover of letter:
“In reference to our telephone discussion this date, please be advised that we decline to finalize the trade for the oil and gas lease covering the subject lands. As you are aware, and as we further discussed in our conversation, we prefer to return the lease, since we were unable *999 to complete the trade before the # 1 White well was drilled. The # 1 White [well] will be the fourth dry hole within the immediate area of your land and we do not foresee any additional activity on our part in the immediate vicinity of your lease. Therefore, we will not be furnishing the ratification papers to your children for their execution.[3]
“By copy of this letter to John Hull, we request that he return the original lease to you and you may withdraw the draft from your bank, or, if it has already been forwarded to our Houston Bank, we will return it unpaid as quickly as possible.
“It is unfortunate for all of us that the well was not successful, and we regret that we are not able to complete the lease with you.”
On February 6, 1989, the Johnsons filed this suit alleging breach of the lease agreement. The trial court found the following:
“[That] Goza specifically authorized his agent, John Hull, to negotiate with plaintiffs for the purchase of an oil and gas lease; that the said John Hull negotiated on behalf of defendant Goza a lease with plaintiffs; that the lease which was prepared by defendant Goza or his agent was legally executed by plaintiffs and delivered unto defendant Goza or his agent; that defendant Goza is estopped to deny the agency of the said John Hull; that defendant Goza ratified the actions of John Hull; that defendant Goza through his agent John Hull tendered payment to plaintiffs for the purchase of said lease; that there was no condition precedent for plaintiffs children to execute ratification deeds and, even if so, the defendant Goza assumed the responsibility of obtaining the signatures and did not because the well became a ‘dry hole’; and that defendant Goza wrongfully prevented or withheld payment of the draft to plaintiffs for the negotiated amount of the lease of $12,160 plus interest from January 23, 1989 at 6% per annum to the date of this Order.”
On appeal, Goza argues that the trial court erred in entering a judgment in favor of the Johnsons, because, he argues, the lease was void and unenforceable under the provisions of the Statute of Frauds. See Ala.Code 1975, § 8-9-2; Anselmo Meat Co. v. Riley, 533 So.2d 552 (Ala.1988).
As we read the judgment of the trial court, it was not based upon a finding of compliance with the “part performance” exception of the Statute of Frauds,[4] but upon the doctrine of equitable estoppel. The trial court entered a judgment in favor of the Johnsons, not because the contract was taken out of the operation of the Statute by the partial performance recognized by subpart (5), but rather on the theory that Goza was estopped to assert the Statute as a defense because of his inequitable conduct.
It is within the sound discretion of the trial court to enter such an equitable remedy. In the present case, it was the opinion of the trial court that these circumstances gave rise to equities sufficient of themselves to take the ease out of the Statute of Frauds.
We agree with the reasoning of the trial court. Clearly, while the Statute of Frauds is binding upon the trial court, that court will not hesitate, in accordance with equitable principles, to enforce an oral contract where the refusal to execute would touch the conscience of the Court. See *1000 generally 37 C.J.S. Statute of Frauds, § 247 (1943) for a discussion of the circumstances which will give rise to the application of the exception. The Statute of Frauds should not be used as a means of effecting that which it was designed to prevent.
Based upon the principles of law stated above and the evidence in this case, we hold that the trial court did not err in holding that Goza is estopped from asserting the invalidity of the oral agreement on the ground that it violates the Statute of Frauds. To hold that Goza could escape the provisions of the oil, gas, and mineral lease, would be, under the totality of these circumstances, contrary to the “will of the law giver.” For this reason, we affirm the judgment of the trial court.
AFFIRMED.
MADDOX, SHORES, HOUSTON, STEAGALL, KENNEDY and INGRAM, JJ., concur.
HORNSBY, C.J., concurs in the result.

. The lease was a "Producers 88 — Paid Up,” which did not provide for or contemplate the signature of the lessee. John Hull, Goza’s lease broker, drafted and supplied this lease to the Johnsons. The lease recites the consideration as "ten dollars and other valuable consideration.”

. This "customers draft” was drawn on nonbank drawees but purported to be payable through The M Bank. Under the Uniform Commercial Code, such an instrument designates the bank as a collecting bank to make the presentment, but does not of itself authorize the bank to pay the instrument. U.C.C. § 3-120.

. Much of the testimony at trial concerned whether the Johnsons’ children had to ratify the lease before the draft would be paid. The trial court found that no such condition precedent existed, and, while Goza noted that he disagreed with this factual finding, he has waived this issue on appeal.

. The statute reads as follows:
“In the following cases, every agreement is void unless such agreement or some note or memorandum thereof expressing the consideration is in writing and subscribed by the party to be charged therewith or some other person by him thereunto lawfully authorized in writing:
[[Image here]]
"(5) Every contract for the sale of lands, tenements or hereditaments, or of any interest therein, except leases for a term not longer than one year, unless the purchase money, or a portion thereof is paid and the purchaser is put in possession of the land by the seller.”