2010 ND 49

**HOME OF ECONOMY, a North Dakota Corporation, Plaintiff and Appellant**

v.

**BURLINGTON NORTHERN SANTA FE RAILROAD, a National Railroad Corporation, Defendant and Appellee.**

No. 20090226.

Supreme Court of North Dakota.

March 19, 2010.

Jon J. Jensen (argued) and Garry A. Pearson (on brief), Pearson Christensen & Clapp, PPLP, Grand Forks, ND, for plaintiff and appellant.

Stephen W. Plambeck (argued), Nilles Law Firm, Fargo, ND, for defendant and appellee.

KAPSNER, Justice.

[¶ 1]   Home of Economy appeals from a judgment dismissing its claim for damages and an injunction requiring Burlington Northern Santa Fe Railroad (BNSF) to reopen a grade crossing.  We hold the district court correctly placed the burden of proof on Home of Economy and was not clearly erroneous to find Home of Economy failed to prove the existence of a public road by prescription.  We also hold the district court was not clearly erroneous to find Home of Economy failed to establish an easement by estoppel.  We affirm the judgment.

I.

[¶ 2]   BNSF operates a spur line connecting BNSF's main line with the State Mill and Elevator and other businesses in north Grand Forks.  A portion of the spur line runs parallel to property owned by Home of Economy.  The parties refer to the portion of Home of Economy's property that abuts the spur line as the "Olson property" because Home of Economy purchased it in 1994 from Clifford Olson, whose family had owned the property for nearly six decades.  The Olson property is

located between the spur line and Home of Economy's Grand Forks store.

[¶ 3] Prior to 2003, a grade crossing provided access from State Mill Road across the spur line to the Olson property and Home of Economy's parking lot. Without first gaining permission from Home of Economy or any public entity, BNSF closed the grade crossing in 2003. Home of Economy sued BNSF in state district court for damages and an injunction ordering BNSF to re-open the crossing. Home of Economy claimed BNSF could not unilaterally close the grade crossing because longstanding public use of the crossing created a public road by prescription under N.D.C.C. § 24-07-01. Home of Economy also claimed it enjoyed an easement by estoppel due to its reliance upon BNSF's representations that the crossing would remain open.

[¶ 4] BNSF filed a motion to dismiss, arguing state courts did not have jurisdiction over railroad crossings. The district court granted BNSF's motion, and Home of Economy appealed to this Court. We determined state courts have jurisdiction and remanded the case back to district court. *Home of Economy v. Burlington N. Santa Fe R.R.*, 2005 ND 74, 694 N.W.2d 840. BNSF then filed a motion for summary judgment, arguing in part that Home of Economy failed to prove the existence of a public road by prescription or its entitlement to an easement by estoppel. The district court granted BNSF's motion, and Home of Economy again appealed to this Court. In *Home of Economy v. Burlington N. Santa Fe R.R.*, 2007 ND 127, 736 N.W.2d 780, we reversed the summary judgment and remanded the case back to district court.

[¶ 5] The district court held a bench trial in February 2009 to determine whether a public road had been created by prescription and whether Home of Economy

enjoyed an easement by estoppel to use the grade crossing. The parties stipulated to sixteen facts, including: BNSF owns the right-of-way over which the disputed grade crossing existed; when Home of Economy purchased the Olson property, the contract did not mention the grade crossing; Home of Economy's customers could access its store from State Mill Road by using the grade crossing; before eliminating the crossing, BNSF routinely maintained it by replacing planks on either side of and in between the rails; BNSF's maintenance facilitated vehicular traffic over the crossing; and government maps do not indicate a public grade crossing at the location of the disputed crossing.

[¶ 6] The parties also stipulated to the introduction of Clifford Olson's deposition testimony. Olson testified he recalls the grade crossing as far back as 1925. Olson testified his father acquired the Olson property in 1934 and later deeded it to him. Olson stated the grade crossing provided the only means of public access to the Olson property until Highway 81 was constructed in 1952. After Highway 81 opened, Olson stated the public could drive from State Mill Road to Highway 81 by using the grade crossing and cutting across his property. However, Olson testified he constructed a fence and several buildings on the property that obstructed the public's ability to use the Olson property to get from State Mill Road to Highway 81. Nevertheless, Olson stated the public continued to use the grade crossing when accessing his property from State Mill Road. When he owned the property, Olson testified BNSF maintained the actual grade crossing, though he would maintain the road leading to it. Olson stated he did not have any agreement with BNSF to perform such maintenance, nor was he aware of any such agreement between the previous owners and the railroad. Olson

testified the grade crossing remained continuously open from the time he first owned the property until he sold it to Home of Economy in 1994.

[¶ 7] Wade Pearson, president of Home of Economy, stated one of the main reasons the company purchased the Olson property was to facilitate public access to its store from State Mill Road. Upon acquiring the Olson property, Pearson testified Home of Economy tore down several buildings that obstructed use of the crossing. He also stated Home of Economy improved the road leading to the grade crossing to allow better access into the store's parking lot. Pearson estimated thirty customers drove across the grade crossing and into Home of Economy's parking lot each day. He testified Home of Economy's furniture truck also regularly passed over the crossing.

[¶ 8] In addition, Pearson testified he received a telephone call from a BNSF representative in late 1994, shortly after Home of Economy purchased the Olson property. Pearson stated the representative told him BNSF was planning to close the grade crossing. Pearson testified he told the BNSF representative the railroad cannot close the crossing, and the representative "backed off on that idea right away." Pearson stated the representative then said BNSF wanted to put a stop sign at the grade crossing for safety reasons, and he told the representative Home of Economy did not object. Pearson testified a stop sign appeared at the crossing shortly thereafter. Pearson stated he had no further conversations with BNSF prior to the railroad closing the grade crossing in June 2003. On cross examination, Pearson testified Home of Economy does not have any maps or written documentation establishing the existence of an easement across the grade crossing.

[¶ 9] Robert Roy, former director of grade crossing safety for BNSF, testified he personally made the decision to close the disputed grade crossing. He stated the grade crossing created public safety concerns because it was randomly used by both the public and railroad and did not have any warning devices. Roy testified that, as part of the process of closing a grade crossing, BNSF reviewed its records to look for written documentation providing licenses or easements to use the crossing. Roy testified BNSF did not find documentation mentioning licenses or easements regarding the disputed grade crossing, but also admitted BNSF did not find any documentation stating the railroad gave the public permission to use the crossing. Nevertheless, Roy stated "the railroad was allowing use of the crossing."

[¶ 10] Peiter Hjertstedt, BNSF terminal manager for Grand Forks, also testified. He stated BNSF runs an average of two trains per day on the spur line abutting the Olson property. Hjertstedt testified the trains pass along the spur line at variable times, because the schedule depends upon orders for the day. Had BNSF not closed the disputed grade crossing, Hjertstedt stated rail cars would regularly block the crossing and prevent vehicles from using it. Hjertstedt testified BNSF routinely maintains the spur line, the surrounding right-of-way, and existing grade crossings. He said BNSF does not permit private parties to maintain grade crossings or rights-of-way. On cross-examination, Hjertstedt testified he has no firsthand knowledge of the disputed grade crossing before its closure.

[¶ 11] The district court found Home of Economy failed to establish the existence of a public road by prescription or an easement by estoppel. The district court denied Home of Economy's claim for a public road by prescription because it

found the company failed to prove the public's use of the grade crossing was hostile and adverse to BNSF. As the district court stated: "The crossing was used by the public, customers, to access HOE when BNSF was not using its spur line, which makes the use of the crossing permissive." The district court also found: "The telephone conversation in 1994 between BNSF and HOE does not establish that the use of the crossing by HOE customers was hostile and adverse." The district court denied Home of Economy's claim for an easement by estoppel because it found "BNSF made no promises or representations, or acted in a way to lead HOE to believe or rely upon to its detriment. No representations were made by BNSF to the Olsons that the crossing would be maintained and no such representations were made to HOE." Home of Economy now appeals.

## II.

[¶ 12] Home of Economy asks this Court to reverse the district court's finding that it failed to prove the existence of a public road by prescription for two reasons. First, Home of Economy claims the district court erroneously placed the burden of proof upon it to establish the existence of a public road by prescription. Second, Home of Economy argues the district court was clearly erroneous to find it failed to establish the elements of prescription under N.D.C.C. § 24–07–01.

## A.

■ [¶ 13] Home of Economy argues the district court erroneously placed the burden of proof upon it to establish the existence of a public road by prescription. Rather, Home of Economy claims the district court should have required BNSF prove the public used the grade crossing with its permission. In its memorandum

decision, the district court stated "a party asserting the existence of a public road by prescription has the burden of establishing by clear and convincing evidence the general, continuous, uninterrupted and adverse use of a road by the public under a claim of right for 20 years."

[¶ 14] Home of Economy claims the evidence established the public used the grade crossing continuously and without interruption since at least the 1920s. Due to the length of time since the public began using the crossing, Home of Economy argues the district court should have presumed the public's use was adverse and required BNSF prove it was permissive. In support, Home of Economy cites *Alstad v. Boyer*, 228 Minn. 307, 37 N.W.2d 372, 375 (1949) (citations omitted), in which the Minnesota Supreme Court stated:

> Where the claimant of an easement by prescription has shown open, visible, continuous, and unmolested use for the statutory period, inconsistent with the rights of the owner of the servient estate and under circumstances from which his knowledge and acquiescence may be inferred, the use will be presumed to be under claim of right and adverse, so as to place on the owner of the servient estate the burden of rebutting the presumption by evidence that the use was permissive.

Home of Economy also cites *Han Farms, Inc. v. Molitor*, 316 Mont. 249, 70 P.3d 1238, 1241 (2003), in which the Montana Supreme Court stated: "[T]he burden is not on [the party claiming the existence of an easement] to show their use of the road was hostile; the burden is on [the property owner] to show the use was permissive."

■ [¶ 15] While the decisions of the Minnesota and Montana supreme courts are not without merit, North Dakota caselaw clearly provides the party claiming the existence of a public road by prescription

bears the burden of proof: "Under N.D.C.C. § 24–07–01, a party asserting the existence of a public road by prescription has the burden of establishing by clear and convincing evidence the general, continuous, uninterrupted and adverse use of a road by the public under a claim of right for 20 years." *Home of Economy,* 2007 ND 127, ¶ 14, 736 N.W.2d 780. *See also Mohr v. Tescher,* 313 N.W.2d 737, 739 (N.D.1981) ("The party asserting the establishment of a public road by prescriptive use under § 24–07–01, N.D.C.C., has the burden of proving by clear, convincing, and satisfactory evidence that there has been adverse use of the road by the public under a claim of right for the twenty-year period."); *Backhaus v. Renschler,* 304 N.W.2d 87, 89 (N.D.1981) ("The party asserting the establishment of a public road or highway by prescriptive use under Section 24–07–01, N.D.C.C., has the burden of proving the same by clear, convincing, and satisfactory evidence."). Therefore, the district court did not err by placing the burden of proof on Home of Economy to establish the existence of a public road by prescription.

## B.

[¶ 16] Home of Economy also argues the district court was clearly erroneous to find it failed to prove the existence of a public road by prescription. "Under N.D.C.C. § 24–07–01, a party asserting the existence of a public road by prescription has the burden of establishing by clear and convincing evidence the general, continuous, uninterrupted and adverse use of a road by the public under a claim of right for 20 years." *Home of Economy,* 2007 ND 127, ¶ 14, 736 N.W.2d 780 (citations omitted). The issue of adverse use is ordinarily a question of fact. *Id.* at ¶ 16. We review a district court's findings of fact under the clearly erroneous standard. N.D.R.Civ.P. 52(a); *see,*

*e.g., Backhaus,* 304 N.W.2d at 90 ("[W]e conclude that the district court's finding of fact, that the use of the road was with permission of the landowners rather than under a claim of right, was not clearly erroneous."). A finding of fact is clearly erroneous if induced by an erroneous view of the law, no evidence exists to support it, or we are left with a definite and firm conviction the district court made a mistake. *Aasmundstad v. State,* 2008 ND 206, ¶ 16, 763 N.W.2d 748. "A district court's choice between two permissible views of the weight of the evidence is not clearly erroneous, and simply that we may have viewed the evidence differently does not entitle us to reverse the court's findings of fact." *Id.*

[¶ 17] In *Home of Economy,* 2007 ND 127, ¶ 15, 736 N.W.2d 780 (citing *Berger v. Berger,* 88 N.W.2d 98, 100–03 (N.D.1958) (citations omitted)), we summarized the type of use needed to establish adverse use:

> Mere use[ ] of land by the public as a highway is insufficient of itself to establish a highway by prescription or long use. The user must be adverse and hostile to the rights of the owners; and mere travel by the public does not of itself constitute adverse use of the property by the public. Regardless of how long it is continued, a user by license or permission of the owner of the land sought to be impressed with the public easement of travel is not adverse and affords no basis for prescription. . . .

> Permissive use has reference to the conduct of the landowner in acquiescing and consenting that the road be traveled by the public while adverse use[ ] imports an assertion of right on the part of those traveling the road, hostile to that of the owner. The hostile use of a road over privately owned land necessary to establish a prescriptive right means a

use inconsistent with the owner's right to exclusive use. It does not imply enmity or ill will and is consistent with friendly relations between user of the road and landowner....

.... The mere fact of the use[ ] by the public for the period required to establish a public way, raises no presumption that such use is adverse. To establish such a use a further fact must be proved, or admitted, that the general public used the way as a public right; and that it did, must be proved by facts which distinguish the use relied on from rightful use by those who have permissive right to travel over the private way....

[¶ 18] The district court found "the mere use of the crossing by the public was not adverse and hostile to the rights of BNSF. The crossing was used by the public, customers, to access HOE when BNSF was not using its spur line, which makes the use of the crossing permissive." The district court also found: "The telephone conversation in 1994 between BNSF and HOE does not establish that the use of the crossing by HOE customers was hostile and adverse." Based upon these findings, the district court held Home of Economy failed to prove the existence of a public road by prescription.

[¶ 19] The district court was not clearly erroneous to find Home of Economy failed to prove by clear and convincing evidence that public use of the grade crossing was adverse to BNSF's rights. Home of Economy did not clearly demonstrate how public use of the grade crossing was inconsistent with BNSF's right to use its property exclusively. Home of Economy also failed to clearly show how public use of the grade crossing prevented BNSF from using the spur line when and how the railroad wished. Further, evidence regarding the 1994 telephone conversation only estab-

lished BNSF did not close the grade crossing after Home of Economy objected, not that public use of the grade crossing was inconsistent with BNSF's property rights. Finally, Roy's testimony supports the district court's finding that BNSF gave the public permission to use the grade crossing. Therefore, we decline to overturn the district court's decision.

[¶ 20] In establishing a public road by prescription, Home of Economy bore a heavy burden of proof. Where evidence lends itself equally to the conclusion that uses were permissive as opposed to adverse, the plaintiff has failed to meet the burden. *Berger*, 88 N.W.2d at 103 (citations omitted).

### III.

[¶ 21] Home of Economy argues the district court was clearly erroneous to find it failed to establish the existence of an easement by estoppel in its favor to use the grade crossing. To establish a valid claim for an easement by estoppel, the party claiming the existence of the easement "must show a representation was communicated to the promisee, the representation was believed, and there was a reliance upon the communication." *Home of Economy*, 2007 ND 127, ¶ 18, 736 N.W.2d 780 (citing *Epstein Family P'ship v. Kmart Corp.*, 13 F.3d 762, 774–75 (3d Cir.1994); *Exxon Corp. v. Schutzmaier*, 537 S.W.2d 282, 285 (Tex.Civ.App.1976); 25 Am. Jur. 2d *Easements and Licenses [in Real Property]* § 1[4] (2004)). *See also Hager v. City of Devils Lake*, 2009 ND 180, ¶¶ 49–50, 773 N.W.2d 420 (applying elements of easement by estoppel). The district court found no easement by estoppel had been created because "BNSF made no promises or representations, or acted in any way to lead HOE to believe or rely upon to its detriment," "[n]o representations were made by BNSF to the Ol-

sons," and "HOE did not alter its position based on any representation by the railroad."

[¶ 22] We review a district court's findings of fact under the clearly erroneous standard. N.D.R.Civ.P. 52(a). A finding of fact is clearly erroneous if induced by an erroneous view of the law, no evidence exists to support it, or we are left with a definite and firm conviction the district court made a mistake. *Aasmundstad*, 2008 ND 206, ¶ 16, 763 N.W.2d 748. "A district court's choice between two permissible views of the weight of the evidence is not clearly erroneous, and simply that we may have viewed the evidence differently does not entitle us to reverse the court's findings of fact." *Id.*

[¶ 23] Home of Economy argues the district court was clearly erroneous to find no easement by estoppel had been created because, during the 1994 telephone conversation between Pearson and the BNSF representative, BNSF indicated it would keep the grade crossing open and Home of Economy made substantial improvements to the Olson property in reliance upon this representation. Home of Economy also claims Olson and his predecessors made substantial improvements to the Olson property in reliance upon the belief that the crossing would remain open. Thus, Home of Economy argues an easement by estoppel existed before it purchased the Olson property and the benefit of that easement ran with the land after the purchase.

[¶ 24] The district court's finding that Home of Economy failed to establish the elements of an easement by estoppel is not clearly erroneous. Pearson was the only witness with personal knowledge of the 1994 telephone conversation. He stated:

Well, the guy called me up on the telephone and he again identified himself as the track manager . . . [and] asked if we had purchased the property and we said yes, we had, and then he said, well, you know, we're trying to get away from having private crossings and we're going to close that. And I said, well, you can't do that. That's pretty much a direct quote and he backed off on that idea right away and then he said that he wanted to put a stop sign on there for safety and I said, well, you know, if you think it's necessary, I don't have any problems with making it a safer, you know, a safer crossing so I said we'd have absolutely no problem with that. You know, that was a short conversation and that's the only, the only conversation I had with the railroad concerning the crossing.

Thus, Pearson did not state BNSF made any representations regarding the future of the grade crossing. While Home of Economy may have considered the matter settled, the evidence does not prove BNSF represented to the company that it would not close the grade crossing in the future. Therefore, the district court was not clearly erroneous to find Home of Economy failed to establish its entitlement to an easement by estoppel based upon representations BNSF made to it.

[¶ 25] In addition, Home of Economy did not present any evidence establishing BNSF made representations to the Olson property's previous owners regarding the future availability of the grade crossing. Specifically, Olson did not testify BNSF made any such representations. As a result, the district court was not clearly erroneous to find Home of Economy failed to establish its entitlement to an easement by estoppel based upon representations BNSF made to previous owners of the Olson property.

[¶ 26] Because Home of Economy failed to prove BNSF made any representation regarding the future availability of

the grade crossing, the district court was not clearly erroneous to find Home of Economy failed to establish the elements of easement by estoppel. We decline to overturn the district court's decision.

## IV.

[¶ 27] We hold the district court correctly placed the burden of proof on Home of Economy and was not clearly erroneous to find Home of Economy failed to prove the existence of a public road by prescription. We also hold the district court was not clearly erroneous to find Home of Economy failed to establish an easement by estoppel. We affirm the judgment.

[¶ 28] GERALD W. VANDE WALLE, C.J., WADE L. WEBB, D.J., MARY MUEHLEN MARING, and DALE V. SANDSTROM, JJ., concur.

[¶ 29] The Honorable WADE L. WEBB, D.J., sitting in place of CROTHERS, J., disqualified.