**MERVETTE BROWNE as Personal Representative for the Estate of ERIC A. BROWNE, Deceased, Appellant/Defendant**
**v.**
**QUINTON STANLEY, Appellee/Plaintiff**

S. Ct. Civil No. 2015-0042

Supreme Court of the Virgin Islands

February 2, 2017

YVETTE D. ROSS-EDWARDS, ESQ., Yvette D. Ross-Edwards, P.C., St. Croix, USVI, *Attorney for Appellant.*

ESZART WYNTER, SR., ESQ., Law Offices of Eszart Wynter, Sr., P.C., St. Croix, USVI, *Attorney for Appellee.*

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice.*

## OPINION OF THE COURT

(February 2, 2017)

CABRET, *Associate Justice.* Eric A. Browne[1] appeals the Superior Court's May 4, 2015 judgment order directing him to remove the portion

---

[1] In a June 28, 2016 order, this Court substituted Mervette Browne, as personal representative for the estate of Eric A. Browne, in place of Eric A. Browne, who died on December 11, 2015.

of his fence encroaching upon Quinton Stanley's property. Because the Superior Court did not err in denying Browne relief under the doctrine of equitable estoppel, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In 1987, Browne built his home too close to the property line he shared with Stanley, his neighbor in Estate Grove Place on St. Croix. Between late 1989 and early 1990, Browne realized the error when he examined the boundary line of his property in preparing to erect a chain-link fence. Browne informed Stanley of the boundary issue and proposed an exchange of land that would enable him to construct a fence that would comply with the ten-foot setback requirement.[2] After Browne and Stanley reached an oral agreement, Browne obtained fencing material from the dump at no cost and constructed the fence on Stanley's property with the assistance of two other individuals, whom he collectively paid $200.

Some years after Browne constructed the fence, Stanley became concerned about his legal ownership of the encroached property and asked Browne to remove the portion of fence encroaching on his property. Browne did not respond to Stanley's initial request. Stanley made a related request in 1994, when he asked Browne to remove his dog from the encroached property in order for Stanley's contractor to build a retaining wall along the boundary line. Browne again did not comply with Stanley's request and the contractor instead built the retaining wall inside of the boundary line. Stanley renewed his earlier removal requests in two different conversations with Browne's wife occurring on or about 2002 and 2003. Again, Browne did not comply with Stanley's requests.

In December 2009, Stanley filed a complaint in Superior Court, in which he sought an order directing Browne to remove the portion of the fence encroaching on his property. Browne filed an answer and counterclaim in April 2010, asserting equitable estoppel as an affirmative defense and alleging that Stanley's complaint constituted a breach of an oral contract between the parties authorizing the construction of the fence.

---

Nevertheless, for convenience we refer to the estate of Eric A. Browne simply as "Eric A. Browne."

[2] Although not specified in the record, the parties appear to derive the ten-foot setback requirement from title 29, section 229(d), which provides that "[e]very structure in a R-2 District shall provide minimum side and rear yards of not less than ten (10) feet from the property line."

On September 4, 2014, the Superior Court held a bench trial. The Superior Court heard testimony from Browne, Kirtley Stanley, and Stanley. Both Browne and Stanley testified that the fence was constructed pursuant to an oral agreement, but they disputed whether the fence was intended to be temporary or permanent and whether the agreement involved an exchange of property. Following trial, the Superior Court issued a May 4, 2015 judgment order accompanied by a memorandum opinion, ordering Browne to remove his encroaching fence and dismissing his counterclaim alleging breach of contract. Browne filed a timely notice of appeal with this Court on May 11, 2015.

## II. JURISDICTION

"The Supreme Court [has] jurisdiction over all appeals arising from final judgments, final decrees or final orders of the Superior Court." V.I. CODE ANN. tit. 4, § 32(a). The Superior Court's May 4, 2015 judgment order was a final order within the meaning of section 32(a), and therefore we have jurisdiction over the appeal. *Mahabir v. Heirs of George*, 63 V.I. 651, 658 (V.I. 2015) (citing *Malloy v. Reyes*, 61 V.I. 163, 171-72 (V.I. 2014)).

## III. DISCUSSION

Browne argues that the Superior Court erred in ordering him to remove his fence, asserting that he is entitled to keep his fence and the property enclosed within it under alternative theories of equitable estoppel — irrevocable license and easement by estoppel — because he invested labor, materials, and money in constructing that fence pursuant to an oral contract. This Court reviews the Superior Court's legal determinations *de novo*, its findings of fact for clear error, *V.I. Waste Mgmt. Auth. v. Bovoni Invs., LLC*, 61 V.I. 355, 363 (V.I. 2014) (citing *St. Thomas-St. John Bd. of Elections v. Daniel*, 49 V.I. 322, 329 (V.I. 2007)), and its application of equitable principles to those facts for an abuse of discretion. *See St. Thomas-St. John Bd. of Elections*, 49 V.I. at 329-30.[3]

---

[3] *Accord Barnes v. United States*, 776 F.3d 1134, 1148 (10th Cir. 2015); *Red Lion Hotels Franchising, Inc. v. MAK, LLC*, 663 F.3d 1080, 1087 (9th Cir. 2011); *Vera v. McHugh*, 622 F.3d 17, 30 (1st Cir. 2010); *In re Appeal in Pima Cnty. Juvenile Action No. B-7087*, 118 Ariz. 428, 577 P.2d 714, 716 (Ariz. 1978); *Sword v. Sweet*, 140 Idaho 242, 92 P.3d 492, 498-99 (Idaho 2004); *Hutton v. Rainbow Tower Assocs.*, 226 Kan. 410, 601 P.2d 665, 669 (Kan.

In its May 4, 2015 memorandum opinion, the Superior Court held that Browne's oral license to construct the fence was revocable and barred by the Virgin Islands Statute of Frauds, 28 V.I.C. § 241. The court also ruled that Browne was not entitled to relief under equitable estoppel because he failed to demonstrate sufficient reliance or detriment. The court did not, however, distinguish between Browne's alternative theories of equitable estoppel—irrevocable license and easement by estoppel — or acknowledge that both theories may operate as an exception to the Statute of Frauds. *See Cleek v. Povia*, 515 So. 2d 1246, 1248 (Ala. 1987) ("[S]ome states that recognize easements by . . . estoppel have created an exception to the Statute of Frauds[.]" (collecting cases)); *Daugherty v. Toomey*, 189 Tenn. 54, 222 S.W.2d 197, 200 (Tenn. 1949) ("[The] doctrine of equitable estoppel on an executed oral license . . . has been applied . . . as an exception to the statute [of frauds]."). Nonetheless, we need not decide today whether the court's treatment of Browne's alternative theories of equitable estoppel was in error. Browne's underlying argument, regardless of its label, is rooted in principles of equitable estoppel common to both theories. *See Closson Lumber Co. v. Wiseman*, 507 N.E.2d 974, 976 (Ind. 1987) ("In many instances the legal distinction between a license and an easement becomes blurred. . . . Events occurring subsequent to the granting of a license may, in effect, change a license otherwise revocable at law into an easement enforced in equity." (citations omitted)); *Ravarino v. Price*, 123 Utah 559, 567, 260 P.2d 570 n.1 (Utah 1953) ("These concepts are but forms designed to serve a more ultimate principle that no one shall induce another to act . . . and then after . . . repudiate the contract." (citation and internal quotation marks omitted)).[4]

---

1979); *Salisbury v. Town of Bar Harbor*, 2002 ME 13, 788 A.2d 598, 601 (Me. 2002); *City of N. Oaks v. Sarpal*, 797 N.W.2d 18, 24 (Minn. 2011); *In re Harrison Living Trust*, 121 Nev. 217, 112 P.3d 1058, 1061 (Nev. 2005); *Cont'l Potash, Inc. v. Freeport-McMoran, Inc.*, 1993-NMSC 039, 115 N.M. 690, 858 P.2d 66, 73 (N.M. 1993); *State, Dep't of Human Servs. ex rel Parker v. Irizarry*, 945 P.2d 676, 680 (Utah 1997); *Thompson v. Bd. of Cnty. Comm'rs*, 2001 WY 108, 34 P.3d 278, 281 (Wyo. 2001).

[4] *Compare Cooke v. Ramponi*, 38 Cal. 2d 282, 239 P.2d 638, 641 (Cal. 1952) ("[W]here a licensee has entered under a parol license and has expended money, or its equivalent in labor, in the execution of the license, the license becomes irrevocable . . . . The principal basis for this view is the doctrine of equitable estoppel[.]" (citations and internal quotation marks omitted)), *Brown v. Eoff*, 271 Ore. 7, 530 P.2d 49, 51 (Or. 1975) ("[O]ne who induces another to make significant expenditures for permanent improvements in reasonable reliance upon

■ Before addressing the merits of Browne's appeal, however, we must first establish the elements of equitable estoppel under the analysis outlined in our decision in *Banks v. Int'l Rental & Leasing Corp.*, 55 V.I. 967 (V.I. 2011). Under this precedent, the Superior Court was required to consider these three factors: " '(1) whether any Virgin Islands courts have previously adopted a particular rule; (2) the position taken by a majority of courts from other jurisdictions; and (3) most importantly, which approach represents the soundest rule for the Virgin Islands.' " *Antilles Sch., Inc. v. Lembach*, 64 V.I. 400, 428 (V.I. 2016) (quoting *Gov't of the V.I. v. Connor*, 60 V.I. 597, 600 (V.I. 2014)). The Superior Court, rather than conduct this evaluation, relied on the elements of equitable estoppel articulated in *Gov't Guar. Fund of Republic of Finland v. Hyatt Corp.*, 955 F. Supp. 441, 458, 35 V.I. 356 (D.V.I. 1997). Although this Court has previously held that such failure is grounds for summary reversal, *see Connor*, 60 V.I. at 604, we nonetheless decide to address this matter on the merits to expedite a final decision and promote judicial economy. *See, e.g., Antilles Sch.*, 64 V.I. at 429; *King v. Appleton*, 61 V.I. 339, 349-50 (V.I. 2014).

■■ Courts in the Virgin Islands have largely endorsed an application of equitable estoppel that protects from harm an innocent party who reasonably relies upon the material misrepresentations of another. *See Joseph v. Inter-Ocean Ins. Agency, Inc.*, 59 V.I. 820, 837-38 (V.I. 2013); *Blake v. Farrington*, 48 V.I. 376, 381 (D.V.I. App. Div. 2006); *In re Jade Mgmt. Servs.*, 51 V.I. 930, 938 (D.V.I. 2009); *LPP Mortg., Ltd. v. Caledonia Springs, Inc.*, Civ. No. 02-0172, 2007 U.S. Dist. LEXIS 98213,

one's promise to allow a permanent use of land is subsequently estopped from revoking the license." (citations omitted)), *and Harber v. Jensen*, 2004 WY 104, 97 P.3d 57, 63 (Wyo. 2004) ("[O]ne claiming an irrevocable license must prove the licensor had knowledge of the licensee's improvements and acted in some way to induce the licensee's reliance on the permissive use to make such improvements."), *with Lobato v. Taylor*, 71 P.3d 938, 950-51 (Colo. 2002) (explaining that a court may recognize an easement by estoppel when "1) the owner of the servient estate permitted another to use that land under circumstances in which it was reasonable to foresee that the user would substantially change position believing that the permission would not be revoked, 2) the user substantially changed position in reasonable reliance on that belief, and 3) injustice can be avoided only by establishment of a servitude" (citation and internal quotation marks omitted)), *and Home of Econ. v. Burlington N. Santa Fe R.R.*, 2010 ND 49, 780 N.W.2d 429, 435 (N.D. 2010) ("[T]he party claiming the existence of the easement [by estoppel] must show a representation was communicated to the promisee, the representation was believed, and there was a reasonable reliance upon the communication." (citations and internal quotation marks omitted)).

at **22-23 (D.V.I. Nov. 6, 2007) (unpublished); *Gov't Guar. Fund of Republic of Finland*, 955 F. Supp. at 458; *In re LaVoie*, 349 F. Supp. 68, 72, 9 V.I. 130 (D.V.I. 1972); *Coll. of the V.I. v. Vitex Corp.*, 283 F. Supp. 379, 382, 6 V.I. 67 (D.V.I. 1966); *Garcia v. Gov't of the V.I.*, 24 V.I. 131, 137-38 (V.I. Super. Ct. 1989); *Gov't of the V.I. v. Cintron*, Family No. S184/1982, 1987 V.I. LEXIS 19 (V.I. Super. Ct. 1987); *St. Croix Taxi Ass'n v. V.I. Port Auth.*, 17 V.I. 80, 86 (V.I. Super. Ct. 1980); *Rouss v. Gov't of the V.I. ex rel. Harding*, 13 V.I. 203, 212-13 (V.I. Sup. Ct. 1977). This basic application is uniformly supported in other jurisdictions, although with variations in phrasing. *See Heckler v. Cmty. Health Servs.*, 467 U.S. 51, 59, 104 S. Ct. 2218, 81 L. Ed. 2d 42 (1984) ("If one person makes a definite misrepresentation of fact to another person having reason to believe that the other will rely upon it and the other in reasonable reliance upon it does an act . . . the first person is not entitled . . . to regain property . . . that the other acquired by the act, if the other in reliance upon the misrepresentation and before discovery of the truth has so changed his position that it would be unjust to deprive him of that which he thus acquired." (citation and internal quotation marks omitted)).[5] In light of such widespread uniformity between our courts and those in other

---

[5] *See also Branch Banking & Trust Co. v. Nichols*, 184 So. 3d 337, 347 (Ala. 2015); *Beluga Mining Co. v. Dep't of Natural Res.*, 973 P.2d 570, 578 (Alaska 1999); *Ray v. Mangum*, 163 Ariz. 329, 788 P.2d 62, 66 (Ariz. 1989); *Evans v. Hamby*, 2011 Ark. 69, 378 S.W.3d 723, 729 (Ark. 2011); *People v. Castillo*, 49 Cal. 4th 145, 109 Cal. Rptr. 3d 346, 230 P.3d 1132, 1139 n.10 (Cal. 2010); *V Bar Ranch LLC v. Cotten*, 233 P.3d 1200, 1210 (Colo. 2010); *Dinan v. Patten*, 317 Conn. 185, 116 A.3d 275, 283 (Conn. 2015); *Bantum v. New Castle Cnty Vo-Tech Educ. Ass'n*, 21 A.3d 44, 51 (Del. 2011); *Gonzalez v. Internacional De Elevadores, S.A.*, 891 A.2d 227, 241 (D.C. 2006); *Major League Baseball v. Morsani*, 790 So. 2d 1071, 1076 (Fla. 2001); *Knox v. Wilson*, 286 Ga. 474, 689 S.E.2d 829, 832 (Ga. 2010); *Zane v. Liberty Mut. Fire Ins. Co.*, 115 Haw. 60, 165 P.3d 961, 971 & n.12 (Haw. 2007); *Clearwater REI, LLC v. Boling*, 155 Idaho 954, 318 P.3d 944, 951 (Idaho 2014); *In re Scarlett Z.-D.*, 2015 IL 117904, 390 Ill. Dec. 123, 28 N.E.3d 776, 784-85 (Ill. 2015); *Schoettmer v. Wright*, 992 N.E.2d 702, 709 (Ind. 2013); *McKee v. Isle of Capri Casinos, Inc.*, 864 N.W.2d 518, 531 (Iowa 2015); *Owen Lumber Co. v. Chartrand*, 283 Kan. 911, 157 P.3d 1109, 1120 (Kan. 2007); *Fluke Corp. v. LeMaster*, 306 S.W.3d 55, 62 (Ky. 2010); *MB Indus., LLC v. CNA Ins. Co.*, 74 So. 3d 1173, 1180 (La. 2011); *Blue Star Corp. v. CKF Props., LLC*, 2009 ME 101, 980 A.2d 1270, 1277 (Me. 2009); *Lipitz v. Hurwitz*, 435 Md. 273, 77 A.3d 1088, 1098-99 (Md. 2013); *Bongaards v. Millen*, 440 Mass. 10, 793 N.E.2d 335, 339 (Mass. 2003); *McDonald v. Farm Bureau Ins. Co.*, 480 Mich. 191, 747 N.W.2d 811, 819-20 (Mich. 2008); *Kmart Corp. v. Cnty. of Stearns*, 710 N.W.2d 761, 771 (Minn. 2006); *Windham v. Latco of Miss., Inc.*, 972 So. 2d 608, 612 (Miss. 2008); *Laciny Bros., Inc. v. Dir. of Revenue*, 869 S.W.2d 761, 765 (Mo. 1994); *H.E. Simpson Lumber Co. v. Three Rivers Bank of Mont.*, 2013 MT 312, 372 Mont. 292, 311 P.3d 795, 799 (Mont. 2013); *Bryan M. v. Anne B.*, 292 Neb.

jurisdictions, we have little difficulty in adopting this application of equitable estoppel as the soundest rule for the Virgin Islands because it promotes equity and justice by preventing one party from taking unfair advantage of another. *See Major League Baseball v. Morsani*, 790 So. 2d 1071, 1078 (Fla. 2001) ("A prime purpose of the doctrine of equitable estoppel . . . is to prevent a party from profiting from his or her wrongdoing."); *McKee v. Isle of Capri Casinos, Inc.*, 864 N.W.2d 518, 531 (Iowa 2015) ("The doctrine of equitable estoppel . . . prevent[s] one party who has made certain representations from taking unfair advantage of another[.]" (citation omitted)); *Boland v. Saint Luke's Health Sys., Inc.*, 471 S.W.3d 703, 717 (Mo. 2015) ("The purpose of the doctrine of equitable estoppel is to prevent a party from taking inequitable advantage of a situation he or she has caused." (citation and internal quotation marks omitted)). In the Virgin Islands, equitable estoppel requires an asserting party to demonstrate that (1) the party to be estopped made a material misrepresentation (2) that induced reasonable reliance by the asserting party and (3) resulted in the asserting party's detriment. *See Joseph*, 59 V.I. at 838. In applying this doctrine, particularly in the context of real property, we proceed with great caution. *See Huggins v. Castle Estates,*

725, 874 N.W.2d 824, 833 (Neb. 2016); *Las Vegas Convention & Visitors Auth. v. Miller*, 124 Nev. 669, 191 P.3d 1138, 1157 (Nev. 2008); *Sunapee Difference, LLC v. State*, 164 N.H. 778, 66 A.3d 138, 150-51 (N.H. 2013); *D'Agostino v. Maldonado*, 216 N.J. 168, 78 A.3d 527, 546 (N.J. 2013); *Mem'l Med. Ctr. v. Tatsch Constr., Inc.*, 2000-NMSC-030, 129 N.M. 677, 12 P.3d 431, 435-36 (N.M. 2000); *E.F.S. Ventures Corp. v. Foster*, 71 N.Y.2d 359, 520 N.E.2d 1345, 1350, 526 N.Y.S.2d 56 (N.Y. 1988); *Gore v. Myrtle/Mueller*, 362 N.C. 27, 653 S.E.2d 400, 405 (N.C. 2007); *Thimjon Farms P'ship v. First Int'l Bank & Trust*, 2013 ND 160, 837 N.W.2d 327, 335 (N.D. 2013); *State ex rel. Shisler v. Ohio Pub. Emps. Ret. Sys.*, 122 Ohio St. 3d 148, 2009 Ohio 2522, 909 N.E.2d 610, 615 (Ohio 2009); *Rouse v. Okla. Merit Prot. Comm'n*, 2015 OK 7, 345 P.3d 366, 375 n.20 (Okla. 2015); *Day v. Advanced M & D Sales*, 336 Ore. 511, 86 P.3d 678, 682 (Or. 2004); *Thatcher's Drug Store of W. Goshen, Inc. v. Consol. Supermarkets, Inc.*, 535 Pa. 469, 636 A.2d 156, 163 (Pa. 1994); *Faella v. Chiodo*, 111 A.3d 351, 357 (R.I. 2015); *Strickland v. Strickland*, 375 S.C. 76, 650 S.E.2d 465, 470 (S.C. 2007); *Wilcox v. Vermeulen*, 2010 SD 29, 781 N.W.2d 464, 471 n.7 (S.D. 2010); *Osborne v. Mountain Life Ins. Co.*, 130 S.W.3d 769, 774 (Tenn. 2004); *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 515-16 (Tex. 1998); *Monarrez v. Utah Dep't of Transp.*, 2016 UT 10, 368 P.3d 846, 859 (Utah 2016); *In re Griffin*, 180 Vt. 589, 904 A.2d 1217, 1222 (Vt. 2006); *Mulford v. Walnut Hill Farm Grp., LLC*, 282 Va. 98, 712 S.E.2d 468, 476 (Va. 2011); *Colonial Imps., Inc. v. Carlton Nw., Inc.*, 121 Wn.2d 726, 853 P.2d 913, 918 (Wash. 1993); *W. Va. Consol. Pub. Ret. Bd. v. Jones*, 233 W. Va. 681, 760 S.E.2d 495, 498 (W. Va. 2014); *Affordable Erecting, Inc. v. Neosho Trompler, Inc.*, 2006 WI 67, 291 Wis. 2d 259, 715 N.W.2d 620, 628 (Wis. 2006); *Parkhurst v. Boykin*, 2004 WY 90, 94 P.3d 450, 460-61 (Wyo. 2004).

*Inc.*, 36 N.Y.2d 427, 330 N.E.2d 48, 53, 369 N.Y.S.2d 80 (N.Y. 1975) ("As far as the application of the doctrine of equitable estoppel is concerned we reiterate the rule . . . that it should be applied with great caution when dealing with realty." (citation omitted)); *Martin v. Cockrell*, 335 S.W.3d 229, 237 (Tex. App. 2010) ("The gravity of a judicial means of acquiring an interest in land of another solely by parol requires that equitable estoppel be strictly applied; and the estoppel should be certain, precise and clear." (citations and internal quotation marks omitted)); *Wilhelm v. Beyersdorf*, 100 Wn. App. 836, 999 P.2d 54, 62 (Wash. Ct. App. 2000) ("Equitable estoppel is not favored." (citing *Robinson v. City of Seattle*, 119 Wn.2d 34, 830 P.2d 318, 345 (Wash. 1992))).

■ Now, with the elements of equitable estoppel in mind, we begin our evaluation with the representation made by Stanley. The Superior Court, having heard conflicting testimony from Stanley and Browne, found that the oral agreement allowed Browne to construct a fence on Stanley's property for an unspecified duration, but did not include an exchange of property. This finding does not represent clear error. *See Home of Econ. v. Burlington N. Santa Fe R.R.*, 2010 ND 49, 780 N.W.2d 429, 434 (N.D. 2010) ("A [trial] court's choice between two permissible views of the weight of the evidence is not clearly erroneous, and simply that we may have viewed the evidence differently does not entitle us to reverse the court's findings of fact." (citation and internal quotation marks omitted)). Stanley testified at length that he believed the agreement was temporary and that no exchange of property had occurred. Based on this agreement, Browne constructed the fence on or about 1990 with the help of two other individuals, whom he collectively paid $200. Notwithstanding this agreement and expenditure, the Superior Court determined that Browne failed to demonstrate either sufficient reliance or detriment under the doctrine of equitable estoppel. We agree.

■ ■ The existence of reasonable reliance and detriment "depends upon the facts of each particular case." *Roberts Constr. Co. v. Vondriska*, 547 P.2d 1171, 1176 (Wyo. 1976) (citing 28 AM. JUR. 2D *Estoppel & Waiver* § 35); *accord Brown v. Chiang*, 198 Cal. App. 4th 1203, 132 Cal. Rptr. 3d 48, 68 (Cal. Ct. App. 2011) (noting that "whether reliance on a false statement or conduct is reasonable is a question of fact"). Where, as here, an uncertain oral agreement involves real property, the party asserting equitable estoppel must demonstrate that he or she exercised due

diligence prior to acting so that his or her reliance can be considered reasonable under the circumstances. *See Manicom v. CitiMortgage, Inc.*, 236 Ariz. 153, 336 P.3d 1274, 1281 (Ariz. Ct. App. 2014) ("Reliance is not reasonable or justified when a person is on notice to make further inquiries." (citing *Valencia Energy Co. v. Ariz. Dep't of Rev.*, 191 Ariz. 565, 959 P.2d 1256, 1268 (Ariz. 1998))); *J.G.M.C.J. Corp. v. C.L.A.S.S., Inc.*, 155 N.H. 452, 924 A.2d 400, 409 (N.H. 2007) ("Incorporated into the concept of reasonable reliance is the requirement that the moving party exercise due diligence to learn the truth of a matter relied upon." (citation omitted)); *Clifton v. Ogle*, 526 S.W.2d 596, 603 (Tex. Ct. Civ. App. 1975) ("One relying on an estoppel must have exercised reasonable diligence to acquire knowledge of the real facts as the circumstances of the case might require."). Browne did not make such a demonstration in this case. Instead, as accurately recounted by the Superior Court, he

> did not testify or present any evidence to explain what led him to believe that the arrangement was permanent, and did not testify that the duration of the agreement was discussed between the two parties, at the time of the agreement or at any point thereafter.
>
> . . . .
>
> There was no testimony at [t]rial . . . that either party made any reference as to the length of the agreement at the time the agreement was made. Although [Browne] repeatedly argued that [Stanley] did not state to [Browne] that the fence agreement was "temporary," he offers no argument why the [c]ourt should interpret the lack of a specific duration of time . . . to be permanent, especially when the overall nature of the agreement was so casual and informal in nature.

Without any evidence that he exercised due diligence, Browne simply failed to demonstrate that his reliance was reasonable.

■ Nor did Browne demonstrate sufficient detriment. A party seeking a permanent equitable interest in land must demonstrate *substantial* detriment. *See Brown v. Eoff*, 271 Ore. 7, 530 P.2d 49, 51 (Or. 1975) (noting that a license may become irrevocable where an individual is induced to make "significant expenditures"); *Holbrook v. Taylor*, 532 S.W.2d 763, 765 (Ky. 1976) (same); *Hermann v. Lynnbrook Land Co.*, 806 S.W.2d 128, 130 (Mo. Ct. App. 1991) (same); *Harber v. Jensen*,

337

2004 WY 104, 97 P.3d 57, 61 (Wyo. 2004) (same); *Lobato v. Taylor*, 71 P.3d 938, 950-51 (Colo. 2002) (noting that an easement can be created by estoppel where an individual *substantially* changes his or her position in reasonable reliance on the representation of the owner of the servient estate); *Jones v. First Va. Mortg. & Real Estate Inv. Trust*, 399 So. 2d 1068, 1074 (Fla. Dist. Ct. App. 1981) (same); *Hager v. City of Devils Lake*, 2009 ND 180, 773 N.W.2d 420, 435-36 (N.D. 2009) (same); *Prymas v. Kassai*, 168 Ohio App. 3d 123, 2006 Ohio 3726, 858 N.E.2d 1209, 1213 (Ohio Ct. App. 2006) (same); *Mountain High Homeowners Ass'n v. J.L. Ward Co.*, 228 Ore. App. 424, 209 P.3d 347, 355 (Or. Ct. App. 2009) (same). Browne testified that he spent a small sum in constructing the fence with materials obtained from the dump. He did not, however, explain why his expenditure amounts to *substantial* detriment or even why it should be more closely associated with a permanent as opposed to a temporary use of Stanley's land. *See Eoff*, 530 P.2d at 12 (explaining that expenditures, which were not "permanent or particularly expensive," were problematic because they were "as referable to a revocable license as to an irrevocable license" (citation omitted)). Under these circumstances, we are not persuaded that the Superior Court erred in declining to invoke equitable estoppel.[6] *See*

---

[6] Because the Superior Court did not err in declining to invoke equitable estoppel, we need not determine whether Browne's alternative theories of equitable estoppel — irrevocable license and easement by estoppel — are also barred by the Statute of Frauds. *See J.G.M.C.J. Corp.*, 924 A.2d at 409 (explaining that where "reliance was not reasonable, the doctrine of equitable estoppel does not bar the application of the Statute of Frauds"). We note, however, that a number of courts recognize that either theory of the doctrine of equitable estoppel may operate as an exception to the Statute of Frauds. *See Goza v. Johnson*, 587 So. 2d 998, 999 (Ga. 1991) (noting that a trial court may enforce an oral contract in accordance with equitable principles); *Silicon Int'l Ore, LLC v. Monsanto Co.*, 155 Idaho 538, 314 P.3d 593, 604 (Idaho 2013) ("[E]quitable estoppel is appropriate in cases where a purported agreement does not comply with the statute of frauds." (citations omitted)); *Smith v. Williams*, 396 S.W.3d 296, 299-300 (Ky. 2012) (noting that "equity" is an exception to the "writing requirement of the statute of frauds" (citation omitted)); *Berg v. Carlstrom*, 347 N.W.2d 809, 812 (Minn. 1984) ("An agreement may be taken out of the statute of frauds . . . by application of the doctrine[ ] of . . . equitable estoppel."); *Powell v. City of Newton*, 364 N.C. 562, 568, 703 S.E.2d 723 (N.C. 2010) (noting that "in proper cases an estoppel predicated upon grounds of silence or fraud may override the statute of frauds" (citation and internal quotation marks omitted)); *Mund v. English*, 69 Ore. App. 289, 684 P.2d 1248, 1249-50 (Or. Ct. App. 1984) ("An irrevocable license does not depend on the proof of the agreement of the parties but arises by operation of law to prevent an injustice." (collecting cases)); *Springob v. Univ. of S.C.*, 407 S.C. 490, 757 S.E.2d 384, 387-88 (S.C. 2014) ("The doctrine of estoppel may be invoked to prevent a party from asserting the statute of frauds." (brackets, citation, and internal quo-

*Labrenz v. Burnett*, 218 P.3d 993, 999 (Alaska 2009) (affirming trial court's denial of equitable estoppel where the trial court "heard testimony from [the party to be estopped] that he believed that [the] . . . fence w[as] temporary").

## IV. CONCLUSION

The Superior Court did not err in denying Browne relief under the doctrine of equitable estoppel. Browne failed to demonstrate that his reliance was reasonable or that his expenditure in constructing the fence amounted to substantial detriment. Therefore, we affirm the Superior Court's May 4, 2015 judgment order.

---

tation marks omitted)); *but see One Dupont Centre, LLC v. Dupont Auburn, LLC*, 819 N.E.2d 507, 515 (Ind. Ct. App. 2004) (explaining that "if an irrevocable license did exist[,] . . . it would be subject to the statute of frauds" (citation omitted)); *Kitchen v. Kitchen*, 465 Mich. 654, 641 N.W.2d 245, 249 (Mich. 2002) (holding "that an 'irrevocable license' by estoppel cannot be created . . . because [it] . . . would violate the statute of frauds").