## Blevins v. Blevins.

(Decided April 19, 1911.)

### Appeal from Elliott Circuit Court.

1. Titles—Action to Quiet.—An action to quiet title cannot be maintained where it appears that the plaintiff had conveyed to the defendant by warranty deed the land in controversy, the deed vesting in the defendant all the defendant's title to the land, unless reformed for mistake.

2. A verbal promise by the defendant to reconvey the land is not enforcible.

McQUOWN & BECKHAM, and M. M. REDWINE for appellant.

HAZELRIGG & HAZELRIGG, and J. B. HANNAH for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Reversing.

W. R. Blevins was the owner of about 800 acres of land in Elliott county on which he resided. He had four sons and a daughter, and settled his sons on different parts of his tract. Thomas W. Blevins, one of the sons, married about the year 1882, and was thus settled by his father on a part of the land. In the year 1895, the father caused four deeds to be drawn in which he conveyed to each of his four sons a body of land containing from 100 to 150 acres. The piece conveyed to Thomas W. Blevins included the house where he lived and contained 100 acres. In each deed the consideration is thus expressed. "In consideration of love and affection I have for my son, being in full of his part of all the real estate I own." The deeds were acknowledged when made and put to record. On December 27, 1907, W. R. Blevins brought this suit against his son, T. W. Blevins, alleging in the petition that he had made to T. W. Blevins the deed referred to; that the deed was without consideration; that he intended to and did give to T. W. Blevins a certain part of the land; that at the time the deed was executed, the defendant agreed to reconvey to him all that part of the boundary lying north of a certain line when called upon by him; that he retained possession of this part of the land; that the defendant had never been in possession of it, but that he refused to reconvey it to him as he had agreed to do. He prayed judgment cancelling the deed as to this portion of the land, and requiring the defendant to reconvey it to him. The defendant filed a demurrer to the petition; the court sustained the demurrer. The plaintiff then amended his petition and alleged that he was the owner and in the actual possession of the piece of land in controversy; that he had been in the adverse possession of it for more than thirty years, and that the defendant for a short time before the commencement of

the action was claiming to own it and giving out in speech and holding out to the public that he was the owner of it. He prayed that his title to the piece of land be quieted. The allegations of the pleadings were denied, and proof being taken, the circuit court adjudged the plaintiff the relief sought. The defendant appeals.

The thing in controversy is about thirty acres of land. The father, who is 76 years old, testified that he did not deliver the deed to the defendant, and he did not know how he got it. The son testified that the father told him he was going to make the four deeds, and to come over and get his; that he went over and by his father's direction, the deed was delivered to him. If the deed has not been delivered, the son has no title to the land, and the judgment quieting the father's title is proper. But if the deed was delivered to the son, it passed to him from the father all the title which he then had, and the father can not maintain an action to quiet his title. By the deed the father conveyed the land to the son with general warranty, and if the father held' possession of the land after the deed, his holding was not adverse to the son, and only twelve years had elapsed from the making of the deed to the filing of the action. It is insisted that as the father testified that he did not deliver the deed, the chancellor's judgment should not be disturbed on the question of fact. But there was no allegation in the pleading that the deed had not been delivered. On the contrary, it was alleged in the original petition that the deed had been executed. In addition to this the four deeds were all executed at one time and as a part of one plan to divide a certain part of the tract of land among the four sons. In each of the deeds the lines of the others were called for. There is no dispute in the record that the other three deeds were delivered, and no reason is shown why the deed to T. W. Blevins should have been withheld after it was executed, when the other three deeds were delivered. The father's own testimony taken as a whole shows too that he knew this deed was delivered and that he acquiesced in it. The deed having been made in 1895, and regularly acknowledged and put to record, it can not be disturbed now on the ground that it was not delivered, when it is evident that both the parties recognized it for years as delivered.

The plaintiff introduced proof showing that the son had at different times recognized his father's right to

the rent of the land; that he had allowed him to sell the timber from it, and that he had at different times agreed to reconvey it to his father. But the agreement to reconvey being verbal can not be enforced. This action was not brought to reform the deed or to correct it on the ground of mistake. Even the allegation in the original petition that the father did not intend to convey this piece of land to the son was omitted from the reformed petition which was substituted for it. The deed was made more than ten years before the suit was brought and the proof tends to show that another son wishes to get this land and that there was no trouble between T. W. Blevins and his father until this son moved in . The division made in 1895 appears to have been a fair one, and no reason is shown why the father should have intended to give T. W. Blevins only 70 acres when he was conveying to the other sons so much more. The proof did not entitle the plaintiff to any relief under his pleadings.

Judgment reversed and cause remanded for a judgment dismissing the petition.