Kenton SMITH, et al., Appellants

v.

Richard WILLIAMS, et al., Appellees.

No. 2010–SC–000332–DG.

Supreme Court of Kentucky.

June 21, 2012.

Rehearing Denied Oct. 25, 2012.

---

**6.** *See Nesco v. Haddix,* 339 S.W.3d 465, 472 (Ky.2011).

Jessica Brown Roberts, Brandenburg, KY, Counsel for Appellants.

J. Gregory Joyner, Naber, Joyner, & Jaffe, Louisville, KY, Counsel for Appellees.

Opinion of the Court by Justice SCHRODER.

The Meade Circuit Court granted the Appellants' motion for summary judgment in a partition action for the sale of jointly owned real estate pursuant to KRS 389A.030, having found that the statute of frauds, KRS 371.010(6), prevented enforcement of an alleged oral "buy/sell" agreement between the parties. The Court of Appeals reversed and remanded. We granted discretionary review and reverse the Court of Appeals.

The property in question is 256 acres of undeveloped real property along the Ohio River in Meade County, Kentucky. In 1996, the parties to this suit, and others, purchased the land as joint tenants with rights of survivorship to their spouses, and as tenants in common to the other grantees. The Appellants, Kenton and Sandra Smith ("the Smiths"), currently own an undivided one-fourth interest in fee, and the Appellees (referred to herein as "the Williams Group") own the other undivided three-fourths interest in fee. The deed from which the parties acquired their interests does not contain any restrictions on

the right to partition, any provisions for reconveying the property, or any other buy/sell agreement. Likewise, there are not any written buy/sell agreements or any restrictions of record in the chain of title that would prohibit partition of the real property. The deed in question was drafted by Appellant Kenton Smith (the only attorney in the group) and a member of his law firm.

In 2007, when the Smiths decided to sell their interest, they first approached the Williams Group. When the Williams Group and the Smiths could not agree on a buy-out price, the Smiths filed this partition action on August 14, 2007. The Williams Group's answer, filed on September 17, 2007, raised as defenses an oral agreement among the parties that the acquisition of the subject property was for pleasure and enjoyment in lieu of pecuniary reasons and for profit, as well as "estoppel and waiver" without any specifics. On September 20, 2007, the Smiths moved for summary judgment based on the statute of frauds for any oral agreement (which they denied existed) and no supporting evidence of estoppel and waiver. The Williams Group's response argued, among other things, that the motion was premature as it had not had time to commence discovery. The trial court agreed and denied this motion for summary judgment and gave the parties until December 31, 2007, to complete discovery.

On February 13, 2008, the Smiths renewed their motion for summary judgment. Therein the Smiths again contended that no oral agreement existed, and even if it did, the statute of frauds would prevent its enforcement. The Smiths further argued that there was no basis for the Williams Group's claim of estoppel and waiver. The Williams Group alleged in its response that the parties had orally agreed that the acquisition of the property was for

pleasure and not pecuniary gain, and that if any owner wanted to divest his interest in the property he must sell his interest to the remaining owners for the amount of his actual investment. The Williams Group argued that summary judgment was improper because there existed an issue of material fact as to the intention of the parties when the deed was prepared, and appeared to explain its waiver/estoppel argument as that Kenton Smith violated his ethical obligations to the other owners by failing to include the oral agreement in the deed. As proof of Kenton Smith's knowledge of the alleged oral agreement, the Williams Group offered as evidence that, prior to initiating the partition action, Kenton Smith purchased his brother Timothy Smith's (one of the original joint tenants) share in the property for the amount Timothy Smith had paid.

The Williams Group also moved for leave to file a counterclaim and a third-party complaint and to disqualify the Smiths' attorney, alleging that he and Kenton Smith violated their duties to the Williams Group when they transferred the property to the parties herein without including the (alleged) oral agreement. The trial court denied the motion for leave to file a counterclaim and a third-party complaint and denied the request to disqualify the Smiths' counsel, agreeing with the Smiths that these claims appeared to be more of a claim of legal malpractice or legal negligence, and for that there must be damages before the claim ripens.

The trial court then referred the renewed motion for summary judgment to the master commissioner to make recommendations. The master commissioner recommended that if the alleged "buy/sell" agreement did exist, the agreement could not be enforced as it did not comply with the statute of frauds, which requires such agreement to be in writing and signed. As

to the Williams Group's waiver and estoppel defenses, the master commissioner noted that "no particular waiver or act constituting an estoppels [sic] are alleged." The master commissioner went on to opine, however, that if the Williams Group intended that the Smiths' act of buying Timothy Smith's interest in the property for what Timothy Smith had paid constituted a waiver or estoppel, that this defense fails because the statute of frauds does not act as a bar to a party honoring an oral agreement, but acts as a bar preventing one from enforcing the contract.

The Williams Group filed objections to the master commissioner's recommendations. The Williams Group contended that the master commissioner ignored the fact that the parties entrusted Kenton Smith with drafting the necessary legal documents, including the deed, and that Smith failed to prepare a written agreement signed by all parties (whether it be language included in the deed or by a separate document), which writing would have contained the agreed-upon method to determine the sale price. The Williams Group contended that the master commissioner gave little regard to its estoppel and waiver defenses—ignoring the fact that Kenton Smith's malfeasance resulted in the documents not satisfying the writing requirement of the statute of frauds—and that Smith should not be able to benefit from his malfeasance.

On October 29, 2008, the trial court adopted the master commissioner's recommendations in full and granted summary judgment in favor of the Smiths. The court scheduled a hearing as to the divisibility of the property, but before said hearing the parties agreed the property could

not be divided. A judgment and order of sale was entered on May 13, 2009.

The Court of Appeals reversed, on grounds that the Smiths, as the party attempting to force the sale, were impermissibly using the statute of frauds as a "sword" and not a "shield," and because "no 'action' was brought by [the Williams Group] which might trigger the application of the statute." The Court of Appeals therefore remanded the matter to the trial court for a determination as to whether said oral buy/ sell agreement existed and its effect on the disposition of the property at issue. We granted discretionary review.

■■■ The statute of frauds that deals with real estate provides:

No action shall be brought to charge any person . . .

(6) [u]pon any contract for the sale of real estate, or any lease thereof for longer than one year . . .

unless the promise, contract, [or] agreement . . . be in writing and signed by the party to be charged therewith. . . .

KRS 371.010. The statute is unambiguous. A buy/sell agreement of real estate is a contract for the sale of real estate. Therefore, that agreement must be in writing and signed by the parties. In *Dean v. Cassiday*, 88 Ky. 572, 11 S.W. 601 (1889), our predecessor Court explained that the effect of the statute of frauds on oral contracts for the sale of land is to render the contract *unenforceable* by *either* party, not to void the agreement.[1] This means that the parties are free to recognize and perform the oral contract, but once the statute of frauds is raised, the oral contract becomes unenforceable, regardless of which party filed suit. Our case law recognizes

---

1. The statute of frauds covers both oral contracts to *partition* land, *see Barnett v. Barnett,* 283 Ky. 710, 142 S.W.2d 975 (1940), and oral contracts to *reconvey* land, *see Blevins v. Blevins,* 143 Ky. 220, 136 S.W. 195 (1911).

exceptions, however, to the writing requirement of the statute of frauds—both actual fraud and equity. *See Smith v. Ash,* 448 S.W.2d 51 (Ky.1969).

■ Summary judgment is proper if the record, when examined in its entirety, shows that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56.03. "The record must be viewed in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." *Steelvest, Inc. v. Scansteel Service Center, Inc.,* 807 S.W.2d 476, 480 (Ky.1991).

■ In the case before us, it is uncontroverted that there is no signed writing acknowledging the alleged buy/sell agreement. Therefore, even assuming the agreement did exist, it would be unenforceable in the absence of fraud or an equitable claim. *See Bennett v. Horton,* 592 S.W.2d 460 (Ky.1979). The Williams Group is seeking an equitable exception by waiver or estoppel based on Kenton Smith's failure to include the alleged buy/sell agreement in the deed or other written document—its theory being that Kenton Smith was one of the purchasers and also in charge of drafting whatever legal document(s) were necessary to preserve the buy/sell agreement, that Smith had a legal duty to the other purchasers and should not benefit from his breach of his legal duty, and that the minority co-tenants should not be able to force a partition when the majority opposes partition.

> The doctrine of equitable estoppel extends to real estate, as well as to personal estate, and is founded on the principle that a person who has induced another to believe and act in a certain manner will not afterwards be allowed to injure or prejudice the rights of such other person, because of the acts done under the belief that they were agreed to. The doctrine of equitable estoppel is applied to transactions where it is found that it would be unconscionable to allow a person to maintain a position inconsistent with one in which he acquiesced, or of which he accepted a benefit.

*Young v. Venters,* 229 Ky. 806, 18 S.W.2d 277, 278 (1929) (citations omitted).

Even if we assume there was an oral agreement in this case, there was no evidence or allegation that the agreement was not reduced to writing because of fraud at the time of omission. Nor is there evidence that the application of the statute of frauds will result in the Smiths being unjustly enriched at the expense of the other co-tenants. All of the co-tenants are in the same position—upon partition, they will all profit according to their respective interests in the property. The Smiths will not have an advantage or greater share than the other joint tenants.

As to the argument that the others do not want to sell out but keep the property, our courts and the General Assembly have long recognized that property is unique. III *American Law of Property,* § 11.68 (A.J. Casner ed. 1952). That principle was the motivation for the development of the remedy of specific performance in vendor/vendee law rather than simple money damages. However, in the case of joint tenants that cannot get along, someone has to give, so the right of partition was created. *Shelby v. Shelby,* 192 Ky. 304, 233 S.W. 726, 729–30 (1921).

For the foregoing reasons, the opinion of the Court of Appeals is reversed and the matter remanded for further proceedings consistent with this opinion.

All sitting. All concur.